IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATE OF GEORGIA, *et al.*, *ex rel.* TERRI NIX,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BIOLOGICS, LLC, d/b/a UNITED ALLERGY SERVICES, f/k/a UNITED ALLERGY LABS, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.<br>1:14-CV-01486-LMM |

**ORDER**

This case comes before the Court on Relator's Motion for Declaratory Judgment [99], Defendant United Biologics, LLC's Motion to Dismiss [100], and Defendant United Biologics, LLC's Motion to Transfer Case [103]. After due consideration, the Court enters the following Order.

**I.   BACKGROUND**

**A. Relevant Facts**

Relator Terri Nix was hired by United Allergy Services ("UAS") as an Allergy Business Consultant on April 22, 2013. She worked there until mid-September 2013. As part of the hiring process, she signed an employment

agreement on April 2, 2013 that contained the following paragraph regarding arbitration:

> Our Company is committed to alternate dispute resolution should disagreements arise concerning the employment relationship. Accordingly, by accepting this offer, you agree to settle any and all claims, disputes or controversies arising out of or relating to your application or candidacy for employment, your employment, and/or the cessation of your employment with United Allergy Services, *exclusively* by final and binding *arbitration* before a neutral Arbitrator pursuant to the Employment Dispute Resolution Rules of the American Arbitration Association, and not court litigation. By way of example only, such claims include employment discrimination or wrongful discharge claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family And Medical Leave Act, the law of contract, and the law of tort.

Dkt. No. [99-1] at 2. Additionally, when Relator started her employment on April 22, 2013, she signed a Nondisclosure Agreement that contained the following relevant provisions:

> 11. The parties make the following additional agreements:
> (a) This agreement supersedes all prior agreements, whether written or oral, between the parties as relating to the subject matter of this agreement. This agreement may not be altered, modified, amended or discharged, in whole or in part without the express written permission of both parties hereto.
> . . .
> (g) This Agreement shall be governed by and construed in accordance with the laws of the State of Texas. Exclusive jurisdiction and venue shall be in the state courts in Bexar County, Texas.

Dkt. No. [99-2] at 2–3.

Relator alleges that after she began working at UAS, she discovered that Defendant United Biologics, LLC's business model relied largely on defrauding

2

federal and state governments. Relator's Second Amended Complaint ("the Complaint") brings claims based on the alleged fraud she observed under the federal False Claims Act ("FCA"), 31 U.S.C. § 3730, on behalf of the United States and various state false claims under each named State's relevant statute on behalf of each named State. Relator also brings in this action an FCA retaliation claim under 31 U.S.C. § 3730(h); a Georgia False Medicaid Claims Act retaliation claim under O.C.G.A. § 49-4-168.4; and a breach of contract claim alleging UAS failed to pay Relator three quarterly bonuses to which she was entitled.

### B. Relevant Procedural History

On April 16, 2013, Michael Vaughn, Theodore Freeman, William McKenna, and Wesley Stafford (collectively, the "Texas Relators") filed a *qui tam* complaint against Defendant United Biologics, LLC pursuant to the FCA in the Southern District of Texas (the "Texas Case"). United States, et al., ex rel. Vaughn, et al. v. United Biologics, LLC, et al., No. 4:13-cv-01081 (S.D. Tex. Apr. 16, 2013). While that case was still under seal, Plaintiff filed a complaint in this *qui tam* case thirteen months later on May 16, 2014. See Dkt. No. [1].

Although the entire procedural history of these two cases is complicated, the operative facts for the Court's purposes here are not. The Texas Case has been voluntarily dismissed with prejudice as to the Texas Relators and without prejudice as to the United States and the various named States. See Vaughn, No. 4:13-cv-01081, Dkt. Nos. [125, 127]. The Texas Case is currently on appeal to the Fifth Circuit Court of Appeals. See id. at Dkt. No. [132]. In its initial brief,

3

Defendant United Biologics, LLC seeks reversal of the district court's dismissal without prejudice of the United States and the named States or, in the alternative, reversal of the district court's judgment and remand to consider several of its previously pending motions in the district court. See Brief for Appellant at 56, United States ex rel. Vaughn et al. v. United Biologics, LLC, No. 17-20389 (5th Cir. Oct. 13, 2017).

Meanwhile, the parties have filed several motions before the Court in this case. Several motions were filed with the Court while this case was still under seal seeking declaratory judgment and transfer or dismissal of this case. The Court denied these motions as premature given that the case was sealed and Defendants had not yet been served. See Dkt. Nos. [49, 84, 97]. Defendant United Biologics, LLC also filed a demand for arbitration with the American Arbitration Association on May 17, 2017. See Dkt. No. [99-3]. In July 2017, Defendant United Biologics, LLC was served with Relator's Complaint. See Dkt. No. [98]. Soon thereafter, the parties filed the Motions before the Court now.

## II.   MOTION FOR DECLARATORY JUDGMENT

Plaintiff has filed a Motion for Declaratory Judgment [99] asking the Court to find that Defendant United Biologics, LLC has waived its right to arbitration or, in the alternative, to stay arbitration until a motion to compel arbitration is filed. However, the Eleventh Circuit has held that "a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment." Thomas v. Blue Cross and Blue Shield Ass'n, 594 F.3d

4

823, 830 (11th Cir. 2010) (quotation omitted). The Federal Rules of Civil Procedure "govern the procedure for obtaining a declaratory judgment," Fed. R. Civ. P. 57, and, "[a]s a result, the requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions, including the requirement that the action is commenced by filing a complaint." Thomas, 594 F.3d at 830 (quoting 10B Charles Alan Wright, Arthur R. Miller et al., Federal Practice & Procedure § 2768 (3d ed. 1998)). Because Relator's Motion is "not an appropriate pleading," id. at 831 (citing Fed. R. Civ. P. 7), it is **DENIED**.[1]

That being said, the Court has considered concerns raised by Relator in the Motion and agrees that Defendant United Biologics, LLC is required to file a motion to compel arbitration or risk waiving any right it has to arbitrate certain claims. The Eleventh Circuit has held that "a party must move to compel arbitration whenever it should have been clear to the party that the arbitration agreement was at least arguably enforceable." Garcia v. Wachovia Corp., 699 F.3d 1273, 1278 (11th Cir. 2012) (quotation omitted and alteration adopted). Where a party is "invited to file a motion to compel arbitration," but does not, it likely has "waived its right to compel arbitration." Id. Accordingly, the Court invites

---

[1] Relator points out that approximately twenty-one cases in the Northern District of Georgia, some of which were decided after Thomas, considered and ruled on motions for declaratory judgment. Dkt. No. [106] at 4. While that is true, Thomas is nonetheless binding Eleventh Circuit precedent, which the Court is required to faithfully apply. See McGinley v. Houston, 361 F.3d 1328, 1331 (11th Cir. 2004) (per curiam) ("A circuit court's decision binds the district courts sitting within its jurisdiction while a decision by the Supreme Court binds all circuit and district courts.").

Defendant United Biologics, LLC to file a motion to compel arbitration on any claim it believes is subject to arbitration if it wishes to invoke the arbitration clause. If such a motion is filed, the Court can then consider Plaintiff's opposition in response to that motion.

### III. MOTION TO DISMISS AND MOTION TO TRANSFER

Defendant United Biologics, LLC has filed a Motion to Dismiss [100] and, to the extent any claims are not dismissed, a Motion to Transfer Case [103]. The Court's review of the Motion to Dismiss indicates that it would need to rule on issues regarding the FCA's first-to-file rule, 31 U.S.C. § 3730(b)(5), that the Eleventh Circuit has not yet addressed and that have divided the federal courts. See, e.g., United States ex rel. Hayes v. Allstate Ins. Co., 853 F.3d 80, 85 (2d Cir. 2017) (per curiam) (noting the circuit split on whether the first-to-file rule is a jurisdictional or instead bear on the merits of whether a plaintiff has stated a claim); United States ex rel. Wood v. Allergan, Inc., 246 F. Supp. 3d 772, 793–94 (S.D.N.Y. 2017) (noting that the federal courts to have considered whether a violation of the first-to-file bar is curable by amendment or supplement to the complaint "have adopted radically different approaches"); see also Kellogg Brown & Root Servs., Inc. v. United States ex rel. Carter, 575 U.S. ___, 135 S. Ct. 1970, 1979 (2015) (observing that the "False Claims Act's *qui tam* provisions present many interpretive challenges").

Further, putting aside the controversial issues in the Motion to Dismiss, the Court is concerned by the pending appeal of the Texas Case to the Fifth

Circuit Court of Appeals. As set out above, Defendant United Biologics, LLC seeks reversal of the district court's dismissal of the Texas Case without prejudice of the United States and the named States or, in the alternative, reversal of the district court's judgment and remand to consider several of its previously pending motions in the district court. Assuming (without deciding) that this case and the Texas Case are "related," if the Fifth Circuit remands any portion of the Texas Case for further proceedings, then that case will still be "pending" and therefore bar this action under the first-to-file rule. See Kellogg Brown, 135 S. Ct. at 1978 (holding that, under 31 U.S.C. § 3730(b)(5), "an earlier [FCA] suit bars a later suit while the earlier suit remains undecided"). Accordingly, the Court finds that in the interests of judicial economy, efficiency, and comity, the best course of action is to **STAY** the proceedings in this case with regard to the FCA claims and various state false claims under each named State's relevant statute until the Fifth Circuit has resolved the appeal of the Texas Case. Defendant United Biologics, LLC's Motion to Dismiss [100] and Motion to Transfer Case [103] are therefore **DENIED without prejudice and the right to refile** pending the Fifth Circuit's decision.

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Relator's Motion for Declaratory Judgment [99] as improperly filed. The Court **DENIES without prejudice and the right to refile** Defendant United Biologics, LLC's Motion to Dismiss [100] and Motion to Transfer Case [103]. As a result, this case is

7

**STAYED** and **ADMINISTRATIVELY CLOSED** pending the Fifth Circuit's decision in the Texas Case appeal.[2] Within 14 days of a decision in the Fifth Circuit, the parties are **DIRECTED** to petition the Court to reopen this matter.

      **IT IS SO ORDERED** this 1st day of December, 2017.

                                                  *[signature]*
                                       **Leigh Martin May**
                                       **United States District Judge**

---

[2] Administrative closure of a case does not prejudice the rights of the parties to litigation in any manner. The parties may move to re-open an administratively closed case at any time. However, the Court specifically notes that the stay and administrative closure of this case does not serve as any excuse to Defendant United Biologics, LLC in any delay in filing a motion to compel arbitration.